IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | NO. 99-784 |
| v. | : | |
| | : | CIVIL ACTION |
| LEE ALLEN BASS | : | NO. 06-2013 |
| | : | |

## ORDER AND MEMORANDUM

### ORDER

**AND NOW** this 22nd day of December, 2006, upon consideration of Petitioner's *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Document No. 23, filed May 12, 2006); the Government's Response to Defendant Lee Allen Bass' Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. No. 27, filed July 13, 2006); and the testimony of petitioner, Edythe Janine Othello, Toneeshia Bass, Sia Goldsboro, Kendra Anderson, and John J. Griffin, at the evidentiary hearing on December 5, 2006, for the reasons set forth in the attached Memorandum, **IT IS ORDERED** that the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is granted on the issue of equitable tolling on the ground that petitioner has made a substantial showing of a denial of a constitutional right as required under 28 U.S.C. § 2253(c)(2).

### MEMORANDUM

**I. INTRODUCTION**

Petitioner Lee Allen Bass is incarcerated in the Federal Correctional Institute (FCI) Schuylkill, in Minersville, Pennsylvania. Presently before the Court is petitioner's *pro se*

Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, which raises two grounds for relief: (1) that petitioner was denied effective assistance of counsel because trial counsel failed to file a notice of appeal, as instructed by petitioner; and (2) that petitioner's Fifth Amendment rights to Due Process were violated because the Court did not advise him of his right to appeal *in forma pauperis*.  In addition, petitioner argues that he is entitled to equitable tolling of the statute of limitations.  The Court held an evidentiary hearing on petitioner's *pro se* § 2255 Motion on December 5, 2006, at which petitioner was represented by an attorney.

For the reasons set forth below, the Court concludes that equitable tolling is not warranted.  Thus, petitioner's *pro se* § 2255 Motion is dismissed as untimely under the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2255.

## II.  PROCEDURAL HISTORY

On April 20, 2000, petitioner pled guilty to one count of possession with intent to distribute 703 grams of cocaine base (crack).  On February 13, 2001, the Court sentenced petitioner to, *inter alia*, 262 months imprisonment, under the November 1, 2000 edition of the United States Sentencing Guidelines.  At sentencing the Court advised Bass of his right to appeal, as follows:

> And, lastly, I must advise you of your right to appeal.  If you believe I have imposed an illegal sentence or if you think there was any error committed in the change of plea proceeding you may file an appeal.  The appeal will take the form of a notice of appeal filed in this court.
>
> And if you choose to appeal, you must file a notice of appeal in this court within ten days.  Mr. Griffin will continue to represent you should you decide to file a notice of appeal.

Tr. Sent., February 13, 2001, at 23-24.  Mr. Griffin had been retained to represent petitioner.  The

Court did not inform petitioner of his right to appeal *in forma pauperis*.

The judgment of conviction and petitioner's sentence were entered on February 20, 2001. Petitioner did not file a direct appeal. Thereafter, on May 4, 2006,[1] petitioner filed the instant *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.

On December 5, 2006, the Court held an evidentiary hearing on the *pro se* § 2255 Motion, at which petitioner was represented by a new attorney. At the December 5, 2006 evidentiary hearing petitioner testified and presented four additional witnesses: Edythe Janine Othello, Toneeshia Bass, Sia Goldsboro Mundy, and Kendra Anderson. The government presented one witness, trial counsel, John J. Griffin, Esq.. All witnesses were sequestered until after their testimony. Tr. of § 2255 Mot. Hr'g, December 5, 2006, ("Tr.") at 6.

## III.  THE LEGAL STANDARD

### A.  One-Year Statute of Limitations

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2255, provides, in relevant part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
> (1) the date on which the judgment of conviction becomes final;
> . . . or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. A defendant's judgment of conviction becomes final by the issuance of a final decision on direct appeal, or when the time for filing a direct appeal expires–ten days after the entry of judgment. Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999); Fed. R. App. P.

---

[1] See infra 4 n.5.

4(b), 26(a); see also United States v. Massara, 174 Fed. Appx. 703, 708 (3d Cir. 2006).

In this case, petitioner was sentenced on February 13, 2001. The judgment of conviction and sentence were entered on February 20, 2001. Under Federal Rule of Appellate Procedure 4(b), petitioner's sentence became final ten days from the entry of the judgment,[2] on March 6, 2001.[3] Through the exercise of due diligence, petitioner could have discovered the facts supporting the *pro se* § 2255 Motion on this date.[4] Thus, the AEDPA limitations period for petitioner's § 2255 Motion expired one year from March 6, 2001, on March 6, 2002.

Petitioner did not file the instant habeas petition until, at the earliest, May 4, 2006,[5] more than four years after the expiration of the AEDPA statute of limitations. In the absence of tolling of the one-year limitation period, petitioner's *pro se* § 2255 Motion is untimely.

**B. Equitable Tolling**

AEDPA's statute of limitations is subject to equitable tolling in the rare instances where

---

[2] See Fed. R. App. P. 4(b)(6) ("A judgment or order is entered for the purposes of this Rule 4(b) when it is entered on the criminal docket.").

[3] See Fed. R. App. P. 26(a)(2) ("The following rules apply in computing any period of time specified in these rules or in any local rule, court order, or applicable statute . . . Exclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days, unless stated in calendar days.").

[4] Petitioner alleges two grounds for relief. As to the first, petitioner could have learned that a notice of appeal was not filed by requesting a docket sheet from the clerk of court on March 6, 2001. As to the second, petitioner knew immediately that the Court did not advise him of his right to appeal *in forma pauperis* at the sentencing hearing on February 13, 2001.

[5] The clerk of court stamped the habeas petition as filed on May 12, 2006. However, because petitioner is incarcerated, his *pro se* § 2255 Motion is deemed to be filed on the date petitioner gave the petition to prison officials for them to mail. Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1997). Petitioner signed the habeas petition on May 4, 2006. Pet. Mot. at 12. Thus, May 4, 2006 is the earliest date his petition can be deemed to have been filed. Burns, 134 F.3d at 113.

"principles of equity would make the rigid application of a limitation period unfair."  Miller v. New Jersey, 145 F.3d 616, 618 (3d Cir. 1998) (internal quotations and brackets omitted). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (citing Irwin v. Dept. of Veteran Affairs, 498 U.S. 89, 96 (1990)); see also Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001).

The Third Circuit has held that a court may permit equitable tolling under three circumstances: "(1) [if] the defendant has actively misled the plaintiff, (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum."  United States v. Midgley, 142 F.3d 174, 179 (3d Cir.1998) (internal quotations omitted); Shelley v. Filino, 2005 WL 465380, *3 (E.D. Pa. Feb. 25, 2005).  In this case, only the second circumstance is raised by petitioner's arguments.

With regard to the second circumstance, the Third Circuit ruled that, in non-capital cases, attorney error does not comprise an "extraordinary" circumstance for the purpose of equitable tolling.  Fahy, 240 F.3d at 244.  Nor should equitable tolling be applied to "a 'garden variety claim of excusable neglect' by an attorney."  Seitzinger v. Reading Hosp. and Med. Ctr., 165 F.3d 236, 241 (3d Cir. 1999) (quoting Irwin, 498 U.S. at 96).  Conversely, "attorney malfeasance" may warrant equitable tolling, when combined with reasonable diligence on the part of the petitioner.  LaCava v. Kyler, 398 F.3d 271, 276 (3d Cir. 2005).  However, the Third Circuit has cautioned that courts should apply equitable tolling to cases of attorney misbehavior only in "narrow circumstances."  Schlueter v. Varner, 384 F.3d 69, 76 (3d Cir. 2004) (quoting

Seitzinger, 165 F.3d at 239).

## IV. DISCUSSION

### A. Petitioner's Argument

The *pro se* § 2255 Motion avers that equitable tolling is warranted because counsel misrepresented that he would file a notice of appeal and thereafter "mislead and lied to Petitioner and his family" regarding the appeal. Pet. Mot. at 10. At the evidentiary hearing on December 5, 2006, petitioner testified that he told counsel, in court after the sentencing hearing on February 13, 2001, that he wanted to appeal. Tr. at 23-24, 27. According to petitioner, counsel responded that he would "be over to see" him. However, counsel did not visit petitioner at any time after sentencing, and he did not file a notice of appeal. Id. at 23, 27.

Nevertheless, petitioner claims that he thought an appeal was pending until March 9, 2006, when he obtained a docket sheet from the clerk of court. Id. at 29-31. To explain this five year lapse in time, petitioner testified that he called counsel several times, and that counsel repeatedly stated or implied that an appeal was pending. Id. at 32, 39, 41-42.[6] Petitioner's sister, Toneeshia Bass ("Ms. Bass") and Sia Goldsboro Mundy ("Goldsboro") also testified that they spoke with counsel, on petitioner's behalf, and that counsel told them that an appeal was

---

[6] The first alleged conversation occurred in February of 2002. Id. at 32. Petitioner testified that he asked counsel "what was going on with my appeal issues" and that counsel replied "he was on his way in to the city, he would find out and let me know, get back with me." Id. at 33. Petitioner testified that he did not speak with counsel again in 2002. The second alleged conversation occurred in January of 2003. Petitioner testified that he spoke with Griffin, who asked petitioner where he was incarcerated and when he was sentenced, and said "when he found out something he would get back with me." Id. at 39. The third alleged conversation occurred some time later in 2003. With regard to this conversation, petitioner testified that counsel said "he didn't hear anything yet" and told petitioner "to be patient . . . to trust him." Id. at 41-42.

pending. Id. at 82, 106-8. In addition, petitioner presented evidence that he, and friends and family, made numerous telephone calls to counsel, in which they did not reach him. Id. at 28-29, 44, 62-65, 85, 93-94, 127, 130.[7]

Defense counsel testified to the contrary. According to defense counsel, petitioner did not ask him to file an appeal after sentencing or at any other time. Id. at 146, 176-78. Counsel further testified that he did not recall having a conversation with Ms. Bass or Goldsboro regarding an appeal. Id. at 154-56.

**B. Analysis**

In Seitzinger v. Reading Hosp. and Med. Ctr., 165 F.3d 236, 239 (3d Cir. 1999), counsel affirmatively stated that he had filed plaintiff's complaint on time, when in fact counsel filed the complaint one day late. The Third Circuit concluded that plaintiff's "diligence, coupled with her attorney's direct lies about whether he had filed her complaint and an absence of prejudice to the defendant, created a situation appropriate for tolling." Id. at 242. The Third Circuit subsequently noted the significance of two facts in Seitzinger: that the statute of limitations was "a brief 90 days" and that counsel filed plaintiff's complaint only one day late. See Schlueter, 384 F.3d at 77.

In Schlueter v. Varner, 384 F.3d 69 (3d Cir. 2004), the Third Circuit distinguished Seitzinger and concluded that equitable tolling was not warranted where counsel promised to file

---

[7] It is undisputed that Ms. Bass and Goldsboro spoke with counsel following the decision of the Supreme Court in United States v. Blakely, 542 U.S. 296 (2004). Id. at 86, 111, 151. Moreover, counsel testified that he received $1,100 to conduct research on a potential Blakely claim, but did not take further action because he was not paid in full. Id. at 153-54; Pet. Mot. Ex. A; see also Tr. at 120-21. Petitioner testified that he also spoke with counsel regarding a potential Blakely claim in "March or May" of 2005, and that he believed his appeal was still pending at this time. Id. at 43, 45.

a timely petition for post-conviction relief, and neither filed the petition nor communicated further with petitioner regarding its status.  Significantly, petitioner in Schlueter did not pursue habeas corpus relief until 2000, although his conviction became final in 1987.  The Court concluded that "[t]he circumstances in Schlueter's case simply do not warrant the application of equitable tolling after such lengthy periods of time had elapsed following his conviction before he sought state and federal relief."  Id.  Similarly, in LaCava v. Kyler, 398 F.3d 271, 276 (3d Cir. 2005), the Third Circuit ruled that equitable tolling was not warranted where counsel did not notify petitioner of a state court disposition in his case, because petitioner waited over twenty-one months before inquiring himself.  See also Shelley, 2005 WL 465380 at *5 (no equitable tolling where counsel failed to inform petitioner that the Pennsylvania Supreme Court denied petition for allowance of appeal; petitioner did not check on status of case until almost one year after prison installed a computer system for that purpose; and petitioner filed petition over three years after the statute of limitations had run).

In this case, petitioner fails to establish or even allege facts that would qualify for equitable tolling under Seitzinger.  Assuming, *arguendo*, that telephone conversations occurred in which counsel stated or suggested that petitioner's appeal was pending, plaintiff must also establish that he exercised "reasonable diligence [under] the circumstances."  LaCava, 398 F.3d at 277; Miller, 145 F.3d at 618-19.  Petitioner fails to satisfy this burden in view of the unreasonable delay of over five years between sentencing and the filing of the instant § 2255 Motion.

As in Schlueter, and unlike Seitzinger, petitioner had actual notice of his appellate rights.  Schlueter, 384 F.3d at 76-77; Seitzinger, 165 F.3d at 241; Tr. Sent. at 23-24.  Petitioner could have learned about the status of his case at anytime within the one-year AEDPA limitations

period by requesting his docket sheet from the clerk of court. Yet he did so only four years after the statute of limitations for filing a habeas corpus petition expired, and five years after sentencing. See Shelley, 2005 WL 465380 at *6. In short, petitioner's lack of diligence in pursuing the claims raised in the instant § 2255 Motion "precludes equity's operation" in this case. Pace, 544 U.S. at 419.

## C.  Certificate of Appealability

"At the time a final order denying a petition under 28 U.S.C. § 2255 is issued, the district judge shall make a determination as to whether a certificate of appealability should issue." Third Cir. Loc. App. R. 22.2; see also United States v. Williams, 158 F.3d 736, 742 n.4 (3d Cir. 1998).

A certificate of appealability shall issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the district court rejects a § 2255 petition on procedural grounds, a certificate of appealability shall issue when petitioner establishes: "[1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Cooper v. Price, 82 Fed. Appx. 258, 259-60 (3d Cir. 2003).

As to the first Slack requirement, the Court concludes that jurists of reason would find it debatable whether petitioner was denied effective assistance of counsel on the ground that trial counsel failed to file a notice of appeal, as instructed by petitioner. See Roe v. Flores-Ortega, 528 U.S. 470 (2000); Harrington v. Gillis, 456 F.3d 118 (3d Cir. 2006). As to the second Slack requirement, the Court concludes that jurists of reason could debate this Court's ruling that equitable toling is not warranted in this case. See Seitzinger, 165 F.3d at 237 (describing the

"narrow line of cases in which lawyer misconduct justifies equitable tolling").

## V.  CONCLUSION

For the foregoing reasons, the Court concludes that equitable tolling is not warranted, and does not reach the merits of petitioner's *pro se* § 2255 Motion.  The *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is dismissed with prejudice for lack of timeliness.  A certificate of appealability is granted on the issue of equitable tolling on the ground that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling."  Slack, 529 U.S. at 484; 28 U.S.C. § 2253(c)(2).

                              **BY THE COURT:**

                         **/s/ Honorable Jan E. DuBois**
                              **JAN E. DUBOIS, J.**