## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | NO.  99-784 |
| LEE ALLAN BASS | : | |

DUBOIS, J.                                                          APRIL 17, 2009

### M E M O R A N D U M

On December 15, 1999 defendant, Lee Allen Bass, was charged in an Indictment with one count of possession of cocaine base ("crack") with intent to deliver in violation of 21 U.S.C. § 841(a)(1).  On April 20, 2000, defendant pleaded guilty to the charge pursuant to a plea agreement.  In the plea agreement, defendant stipulated that he possessed with intent to deliver 703 grams of cocaine base ("crack").

Presently before the Court is defendant Lee Allen Bass's counseled Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2).  For the reasons set forth below, the Motion is denied.

### I.      BACKGROUND

Defendant was sentenced on February 13, 2001.  At sentencing, the Court found that defendant was criminally responsible for 703 grams of cocaine base ("crack").  That resulted in a base offense level of 36.   However, because defendant had two prior felony drug convictions, the Court determined he was a career offender under § 4B1.1 of the United States Sentencing Guidelines ("Guidelines"), as a result of which his base offense level was increased to 37 and he was placed in Criminal History Category VI.   After a three level reduction for acceptance of responsibility, defendant's total offense level was 34.  With a total offense level of 34, in Criminal History Category VI, the Guideline Imprisonment Range was 262 to 327 months.

Defendant was sentenced on February 13, 2001 to, *inter alia*, 262 months imprisonment. That sentence was based on the career offender guideline, § 4B1.1.

## II.   DISCUSSION

### A.  Legal Standard

18 U.S.C. § 3582(c)(2) permits a court to modify a defendant's term of imprisonment where a defendant's sentence is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  In § 1B1.10 of the Guidelines, the Sentencing Commission identified the amendments which may be applied retroactively pursuant to this authority, and articulated the proper procedure for implementing this amendment in a concluded case.  On December 11, 2007, the Commission issued a revised version of § 1B1.10, which limited the nature of relief available under 18 U.S.C. § 3582(c).

Revised § 1B1.10(a), which became effective on March 3, 2008, provides, in relevant part:

(1)   In General.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).  As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(2)   Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—
(A)   none of the amendments listed in subsection (c) is applicable to the defendant; or

(B)   an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

(3)     Limitation.—Consistent with subsection (b), proceedings under 18 U.S.C.
§ 3582(c)(2) and this policy statement do not constitute a full resentencing of the
defendant.

The amendment at issue in this case is Amendment 706, effective November 1, 2007.

That Amendment reduced the base offense level in the Guidelines for cocaine base ("crack")

offenses.  On December 11, 2007, the Commission added Amendment 706 to the list of

amendments stated in § 1B1.10(c) which may be applied retroactively, effective March 3, 2008.

Under Amendment 706, there is a reduction of two levels for each of the ranges in the Guidelines

for cocaine base ("crack") offenses which are subject to the Amendment.

**B.     Defendant Is Not Entitled to a Reduction in Sentence Because His Sentence
Was Not "Based On" a Sentencing Range That Has Been Lowered by the
Sentencing Commission**

Defendant argues that he is entitled to a reduction of his sentence under § 3582(c)(2).

Implicit in that argument is defendant's assumption, not stated in the Motion, that his sentence

was "based on" a sentencing range that has subsequently been lowered by the Sentencing

Commission.  Defendant's argument is rejected.

In this case, defendant's Guideline sentencing range upon which he was sentenced did not

rest on the Guideline provisions covering cocaine base ("crack") in § 2D1.1 which were

amended.  To the contrary, defendant was sentenced based on his status as a career offender

under § 4B1.1 of the Guidelines as a result of his prior convictions for felony drug offenses.  The

career offender guideline is unaffected by Amendment 706, and defendant's total offense level

remains exactly the same as it was at the time of sentencing.

This issue was recently addressed by the United States Court of Appeals for the Third

Circuit in *United States v. Mateo*, 560 F.3d 152 (3d Cir. 2009). The Court explained in that case:

Here, the crack cocaine amendment ordinarily would have served to lower Mateo;s base

3

offense level from 28 to 26 under § 2D1.1(c).  However, Mateo's sentencing range was determined based on the alternative career offender offense level as stipulated by § 4B1.1. As a career offender, Mateo's base offense level remains 34 no matter whether the otherwise applicable base offense level—absent Mateo's career offender status—is 28 or 26.  Keeping all other Guidelines calculations unchanged, application of Amendment 706 still yields a sentencing range of 188-235 months, based on a total offense level of 31 and a Criminal History category of VI.  Amendment 706 does not affect Mateo's applicable sentencing range, and therefore § 3582(c)(2) does not authorize a reduction in his sentence.

Id. at 154–55.  *Mateo* controls this case and requires the Court to deny defendant's Motion for a sentence reduction.[1]  The Court notes that other circuit courts which have addressed the career offender scenario are in unanimous agreement with *Mateo*.  *See United States v. Caraballo*, 552 F.3d 6, 9–10 (1st Cir. 2008); *United States v. Forman*, 553 F.3d 585, 589–90 (7th Cir. 2009) (*per curiam*); *United States v. Tingle*, 524 F.3d 839, 840 (8th Cir. 2008) (*per curiam*); *United States v. Moore*, 541 F.3d 1323, 1327–30 (11th Cir. 2008); *United States v. Alexander*, 543 F.3d 819, 825 (6th Cir. 2008).

Defendant also contends that the Court should conduct a full resentencing and re-examine his entire sentence pursuant to *United States v. Booker*, 543 U.S. 220 (2005), under which the Sentencing Guidelines were made advisory.  That argument is rejected because the Court determined that defendant was not entitled to relief under § 3582(c).  As stated in *Mateo*, "[s]ection 3582(c) provides the only authority to reduce sentence here, and '[n]othing in [*Booker*] purported to obviate the congressional directive on whether a sentence could be reduced based on subsequent changes in the Guidelines.'"  560 F.3d at 155 (quoting *United States v. Wise*, 515 F.3d 207, 221 n.11 (3d Cir. 2008)).

---

[1]In a decision preceding *Mateo*, this Court held that a defendant who was sentenced as a career offender was not eligible for a reduction in sentence under the cocaine base ("crack") amendments because his Guideline range was not lowered by those amendments.  *United States v. Jackson*, No. 03-CR-793, 2009 WL 101849, at *3–4 (E.D. Pa. Jan. 14, 2009).

Where, as in this case, a defendant is not entitled to a reduction in his sentence by reason of the retroactive cocaine base ("crack") amendments to the Guidelines, he is not entitled to a resentencing under *Booker*.[2]  For that reason, the Court does not address the evidence presented in defendant's Motion to demonstrate that his sentence should be reduced.

An appropriate Order follows.

---

[2]The Court does not address in this decision the question whether defendants who are entitled to a sentence reduction under § 1B1.10 are entitled to a full resentencing under *Booker*.

5